**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Brian Scott Lindsay,<br><br>　　　　　Defendant. | No. CR-18-00761-002-TUC-RM (EJM)<br><br>**ORDER** |

On July 1, 2019, the Court found Defendant Brian Scott Lindsay guilty of conspiracy to transport illegal aliens for profit resulting in death, in violation of 8 U.S.C. § 1324, and sentenced him to a 72-month term of imprisonment followed by a 5-year term of supervised release. (Doc. 287.) On August 4, 2021, Defendant filed a pro se Motion for Compassionate Release. (Doc. 328.)[1] The Government opposes the Motion. (Doc. 331.) For the following reasons, the Motion will be denied.

**I.   Legal Standard**

A court may reduce a term of imprisonment upon a defendant's motion, after considering the factors set forth in 18 U.S.C. § 3553(a), if: (1) the defendant has fully exhausted his administrative remedies, (2) "extraordinary and compelling reasons" warrant the reduction, and (3) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). A defendant exhausts his administrative remedies by appealing a failure of the Bureau of

---

[1] The Federal Public Defender filed a Notice finding no basis for appointment of counsel. (Doc. 329.) The Court agrees that there is no basis for appointment of counsel.

Prisons to bring a motion on his behalf or by the lapse of 30 days from the receipt of a request for compassionate release by the warden of the defendant's facility. *Id.*

The Ninth Circuit has held that the current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for purposes of 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* Therefore, the Court will rely on U.S.S.G. § 1B1.13 as persuasive but non-binding authority for purposes of evaluating the present Motion.

Both 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 direct courts to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13 further provides that a defendant's sentence may be reduced only if it is determined that the defendant is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The application notes to U.S.S.G. § 1B1.13 describe specific circumstances that present "extraordinary and compelling reasons" for a sentence reduction, including when a defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1.

The factors to be considered in determining a sentence under 18 U.S.C. § 3553(a) include "the nature and circumstances of the offense and the history and characteristics of the defendant," the sentencing range established by the Sentencing Guidelines, the need to avoid unwarranted sentence disparities among similarly situated defendants, and the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

The factors to be considered in assessing dangerousness under 18 U.S.C. § 3142(g) include the nature and circumstances of the defendant's offense; the weight of the evidence against the defendant; the nature and seriousness of the danger to any person or the community posed by the defendant's release, and the defendant's history and characteristics, including "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse," and criminal history. 18 U.S.C. § 3142(g).

## II. Discussion

In his Motion, Defendant avers that he suffers from depression and anxiety, and that the COVID-19 pandemic has made his mental health issues worse. (Doc. 328 at 1-2.) He further avers that he suffers from nerve damage and pain from past injuries. (*Id.* at 2.) In addition, he complains about issues he has had with staff at the institution at which he is housed, and he avers that he has had no disciplinary problems during his incarceration. (*Id.* at 2-4.) Defendant states that he submitted a request for compassionate release to the warden of the facility at which he is housed, and the request was denied; he attaches a copy of the request and a letter from the warden denying the request. (*Id.* at 1, 5, 9-11.) Defendant also attaches medical records and certificates of completion. (*Id.* at 6-8, 14-17.)

In response, the Government argues that Defendant has not demonstrated any extraordinary and compelling reasons justifying early release under 18 U.S.C. § 3582(c)(1)(A), and that the factors set forth in 18 U.S.C. § 3553(a) weigh against release given the nature of Defendant's present offense and criminal history. (Doc. 331 at 2-6.)

As a preliminary matter, it is unclear whether Defendant fully exhausted his administrative remedies. As discussed above, Defendant submitted a request for compassionate release to the warden of the facility at which he is housed, and the warden denied the request. (Doc. 328 at 5, 9-11.) Defendant filed his pro se Motion more than

30 days after submitting his request to the warden (*id.* at 9-11), but Defendant has not shown that he appealed the warden's denial of the request. *See* 18 U.S.C. § 3582(c)(1)(A). The warden's letter denying the request informs Defendant of his ability to appeal the denial. (Doc. 328 at 5.) Given that the Government does not argue that Defendant failed to exhaust his administrative remedies (*see* Doc. 331), the Court will assume without deciding that Defendant fully exhausted his administrative remedies prior to filing his pro se Motion. *But see United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *2-4 (D. Ariz. Nov. 8, 2019).

Even assuming that Defendant has fully exhausted his administrative remedies, the Court finds that early release is not warranted. Defendant has not demonstrated extraordinary and compelling reasons justifying early release. He does not claim to have any health conditions that make him susceptible to severe illness from COVID-19, nor are any of the circumstances set forth in the Application Notes to U.S.S.G. § 1B1.13 present in this case. Furthermore, the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against release, as do the factors considered in assessing dangerousness under 18 U.S.C. § 3142(g). The offense for which Defendant was convicted in the above-captioned case resulted in the death of one individual and serious injuries to others. (Doc. 285.) The nature of the present offense and Defendant's lengthy criminal history indicate Defendant remains a danger to the community if released.

Accordingly,

**IT IS ORDERED** that Defendant's pro se Motion for Compassionate Release (Doc. 328) is **denied**.

Dated this 21st day of October, 2021.

_____
Honorable Rosemary Márquez
United States District Judge